IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 07-00047-WS** |
| ) | |
| **DANNY ANTONIO SELLERS,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 420).

Effective November 1, 2007, the United States Sentencing Commission enacted Amendment 706 to the United States Sentencing Guidelines. In general, and with certain exceptions, Amendment 706 (as amended by Amendment 711) operates as a downward ratchet on the penalty structure for crack cocaine offenses to reduce the guideline ranges for particular drug quantities, such that the base offense level associated with a given crack cocaine quantity falls by two levels. The Commission has deemed this amendment to apply retroactively, with an effective date of March 3, 2008. *See* U.S.S.G. § 1B1.10(c); Amendments 712 and 713. Through his Motion, defendant seeks to avail himself of the modified guidelines scheme for crack cocaine offenses effectuated by Amendment 706. Pursuant to 18 U.S.C. § 3582(c)(2), the Court is empowered to reduce defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)").

After review of defendant's Motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended guideline range may be appropriate in this case. Defendant's original guidelines range was 262 to 327 months, and this Court imposed a low-end sentence of 262 months on Count 1 (conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846), as well as a sentence of 240 months on Count 15 (possession of crack cocaine with intent

to distribute, in violation of 21 U.S.C. § 841), such terms of imprisonment to run concurrently. According to the revised guidelines calculation prepared by the United States Probation Office, defendant's new guidelines range is 210 to 262 months after retroactive application of Amendment 706. Imposing a similar low-end sentence in this case would result in a sentence of 210 months on Counts 1 and 15, such sentences to be served concurrently. Unless either party files a written objection on or before **July 23, 2008**, the Court will enter an order reducing defendant's term of imprisonment to 210 months.

        Sellers' 20-page Motion (which consists almost exclusively of boilerplate language and "shotgun" arguments divorced from any application to his specific circumstances) interposes a variety of other grounds why he believes sentence reduction is appropriate. All are frivolous. First, Sellers seeks a sentencing modification under Amendment 657, which "responds to proportionality issues in the sentencing of oxycodone trafficking offenses." (U.S.S.C. Guidelines Manual, Appx. C, Vol. 2, at 396.) Sellers was not convicted of an oxycodone trafficking offense, so Amendment 657 has no application here. Second, Sellers argues at length that he is entitled to an evidentiary hearing concerning drug quantities. He is not. This issue was thoroughly explored at trial, in the Presentence Investigation Report, and at the sentencing hearing. Section 3582(c)(2) does not authorize evidentiary hearings for a defendant to relitigate drug quantity disputes. Third, Sellers argues that the taking of additional evidence concerning drug quantities at his sentencing hearing violated double jeopardy. This argument badly misconstrues fundamental double jeopardy principles. Moreover, the sentencing transcript reveals that the Government submitted no additional evidence at sentencing. Even if the Government had offered additional drug evidence at sentencing, this argument would not provide a viable basis for § 3582(c)(2) relief. Fourth, Sellers contends that *Booker* renders the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) advisory. It does not. *See United States v. Castaing-Sosa*, --- F.3d ----, 2008 WL 2446815 (11th Cir. June 19, 2008) ("*Booker*'s instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum."). Fifth, Sellers seeks the benefit of Amendment 484, which provides that drug weights do not include portions of a drug mixture that have to be separated from the controlled substance before that controlled substance can be

used. But Sellers' sentence was imposed in accordance with Amendment 484, which went into effect back in November 1993. Sixth, Sellers asserts that this court lacked subject matter jurisdiction to sentence him. This is not a proper basis for relief under § 3582(c)(2). Even if it were, the argument is frivolous because subject matter jurisdiction unquestionably was present. *See Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (recognizing that even if the Government fails to allege or prove an interstate-commerce element, or if the Government fails to allege citizenship in a case requiring proof of citizenship, subject matter jurisdiction remains where the Government files an indictment charging the defendant with violating laws of the United States). Seventh and finally, Sellers states that his right to jury trial was trammeled in some unspecified way at sentencing. This is also not a ground for § 3582 relief, and is also frivolous. *See, e.g., United States v. Chau*, 426 F.3d 1318, 1324 (11th Cir. 2005) ( "The court did find, by a preponderance of the evidence , facts that went beyond the letter of the charges contained in the indictment to which Chau pleaded guilty. It was okay for the court to do that because it applied the guidelines in an advisory way."). Sellers' Motion is **denied** to the extent to the extent it seeks relief on any grounds other Amendments 706 and 711.

**DONE** and **ORDERED** this 23rd day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE