```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

DANNY SELLERS,                    *
                                  *
     Petitioner,                  *
                                  *
vs.                               *   CRIMINAL NO. 07-00047-WS
                                  *   CIVIL ACTION NO. 12-178-WS-B
UNITED STATES OF AMERICA,         *
                                  *
     Respondent.                  *
```

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Danny Sellers' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 600) and various motions to amend and supplement the petition. (Docs. 601, 609, 613 and 626). The Government has filed a Motion to Dismiss the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 610). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F. 3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the Government's Motion to Dismiss be **GRANTED**, that Sellers' habeas petition be **DISMISSED**, and that Sellers' remaining motions be **DENIED**. The undersigned further

recommends that in the event Sellers files a certificate of appealability, and seeks to appeal *in forma pauperis,* said requests should be **DENIED.**

I.  PROCEDERAL HISTORY

On June 14, 2007, a jury convicted Sellers of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine in violation of Title 21, United States Code Sections 846 and 841(a)(1). (Doc. 174). Sellers was sentenced to 262 months on the conspiracy count, and 240 months on the possession count, with the terms to run concurrently. (Doc. 314). Judgment was entered on October 22, 2007. (Id.). Sellers appealed, and on July 25, 2008, the Eleventh Circuit issued a mandate affirming Sellers' conviction. (Doc. 431).

Prior to the issuance of the Eleventh Circuit's mandate, Sellers, on May 27, 2008, filed a motion seeking retroactive application of the sentencing guidelines. (Doc. 420). Based on Amendment 706 of the United States Sentencing Guidelines (as amended by 711), Sellers' request for a reduction was granted, and on November 20, 2008, the Court entered judgment reducing Sellers' sentence to 240 months on the conspiracy count, and 240 months on the possession count, with said terms to run concurrently (Doc. 450). Sellers appealed the new sentence, and on October 22, 2009, the Eleventh Circuit issued a mandate

2

affirming Sellers' new sentence. (Doc. 484).

On November 4, 2011, Sellers filed another motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 562). Upon consideration, the Court, on February 1, 2012, reduced Sellers' sentence to 189 months on both counts pursuant to Amendment 750 to the United States Sentencing Guidelines. (Doc. 594). On February 3, 2012, Sellers filed a "Petition for Legal Redress." (Doc. 596). In denying the motion, the Court held that to the extent Sellers was endeavoring to proceed under 28 U.S.C. § 2255, the petition was untimely because his conviction became final in October 2009, when the Eleventh Circuit issued its mandate affirming Sellers' conviction and sentence. (Doc. 597). The Court also held that Sellers' assertion that the Court lacked subject matter jurisdiction was frivolous, and accordingly, denied his petition. (Id.).

On March 2, 2012,[1] Sellers filed the current Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 challenging the Court's jurisdiction to render judgment against him and the indictment process by which he was indicted. (Doc. 600 at 4-6, 8). In response, the Government seeks dismissal of

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

Sellers' habeas petition as both untimely and successive.[2] (Doc. 610). In his response, Sellers filed a "Motion to Amend" in which he argues that the Government's attorney misunderstood the "substantive and adjective law." (Doc. 613 at 4). For the following reasons, the undersigned finds that Sellers' petition is untimely and recommends that the Motion to Dismiss be **GRANTED**.

## II. Analysis

Section 28 U.S.C. § 2255(f), which amended the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Because the Court finds that Sellers' petition is untimely, it is not necessary to reach the issue of whether Sellers' petition is successive.

28 U.S.C. § 2255 (f).

The only section that is arguably applicable to Sellers' case is section (1), which calculates the timeliness of the petition from the date the judgment of conviction became final. In this case, the Eleventh circuit entered judgment on October 22, 2009. Because Sellers did not seek further review by the United States Supreme Court, his judgment became final ninety (90) days from the date of the Eleventh Circuit's judgment, which was on January 20, 2010. Clay v. United States, 537 U.S. 522, 32 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); see also Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Accordingly, Sellers had until January 20, 2011 to timely file his § 2255 petition.[3]

---

[3] The undersigned observes that although the Court twice modified Sellers' sentence pursuant to 18 U.S.C. § 3582(b), the § 3582(b) proceedings did not alter the finality of his criminal judgment and start the clock anew. See United States v. Preyear, 2010 WL

5

However, Sellers did not file his petition until more than one year later, on March 2, 2012. (Doc. 600).  Thus, Sellers' petition is due to be dismissed unless he can demonstrate that he is entitled to equitable tolling.

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see also Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 1777 L. Ed. 2d 130 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (internal quotation marks omitted); see also Sandvik, 177 F.3d at 1271.  The diligence required is "reasonable diligence," not "maximum feasible diligence," see Holland, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).  Serious attorney misconduct,

---

4026087 at * 1–2 (S.D.Ala. Sep. 22, 2010)(" a § 3582(c) sentence modification, whether granted or denied, does not restart the § 2255(f)(1) limitations period".)(citations omitted); Gomez v. United States, 2009 WL 1309338 at *2 (N.D.Tex. May 11, 2009) (order reducing sentence pursuant to § 3582(c)(2) "did not alter the date on which [the] judgment of conviction became final under § 2255(f)(1)"); cf. Peagler v. United States, 2009 WL 1383325 at *2 (M.D.Ala. May 15, 2009) (applying same reasoning after grant of a Fed.R.Crim.P. 35 motion).

6

including acts of gross negligence and acts of outright willful deceit, can constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008); see also Holland, 560 U.S. at 633 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

With regard to equitable tolling, Sellers filed a response wherein he essentially reiterates his argument that the Court lacks any jurisdiction over his drug charges and that the court erred in not assigning his previous case a number.[4]  However, Sellers fails to allege any extraordinary circumstance and fails to proffer facts that suggest that he is actually innocent of the offenses for which he was convicted.  Thus, his assertions fall short of establishing the extraordinary circumstances that would justify equitable tolling.  As noted *supra*, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  The burden firmly rests with

---

[4] This Court has already found these claims to be frivolous. (Doc. 597 at 2).

7

the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew v. Dep't of Corr., 297 F.3d 1278, 1286. See Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("Johnson bears the burden of establishing equitable tolling."), cert. denied sub nom. Johnson v. McNeil, 555 U.S. 851, 129 S. Ct. 348 (2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]") (quoting Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004)).

In this case, Sellers has not established that the instant habeas corpus petition was timely filed, nor has he established that extraordinary circumstances warrant equitable tolling. Indeed, he has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Finally, Sellers has also failed to allege, let alone offer, any evidence that suggests that he is innocent. Because Respondent has asserted the defense of statute of limitations and Sellers has failed to meet his burden of establishing extraordinary circumstances, which would justify the equitable tolling of the AEDPA's

limitations period, the undersigned finds that Sellers' federal habeas petition should be dismissed as time-barred.[5]

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[5] Sellers' Motion to Address Error, Amended Motion to Vacate, Motion to Amend Motion to Vacate and Motion to Supplement Motion to Vacate (Docs. 601, 609, 613, 626) should be **denied** given that the petition is untimely, and the referenced motions are nonsensical.

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Sellers' petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. Under the facts of this case, a reasonable jurist could not conclude either that

this Court is in error in dismissing the instant petition or that Sellers should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Sellers' petition should be dismissed. As a result, Sellers is not entitled to a certificate of appealability, and consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Respondent's Motion to Dismiss be **GRANTED** (Doc. 610), that Sellers' Motion to Vacate, Set Aside, or Correct Sentence (Doc. 600) be **DISMISSED** as time-barred, that Sellers' Motion to Address Error, Amended Motion to Vacate, Motion to Amend Motion to Vacate and Motion to Supplement Motion to Vacate (Docs. 601, 609, 613, 626) be **DENIED,** and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Danny Antonio Sellers. The undersigned Magistrate Judge further opines that Sellers is not entitled to issuance of a Certificate of Appealability, and as a result, he should not

be permitted to appeal *in forma pauperis*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **February, 2015.**

                                             /s/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**